IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-CV-81235-KAM

MICHELLE KAFFKO, individually and on
behalf of a class of similarly situated individuals,

        *Plaintiff*,

        v.

QUEPASA CORPORATION, a Nevada
corporation, BINBIT FACTORY, S.L., a
Spanish corporation, and BINBIT, INC., a
Florida corporation,

        *Defendants*.

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Michelle Kaffko brings this class action complaint against Defendant Quepasa Corporation ("Quepasa") and Defendants Binbit Factory S.L. and Binbit Inc. (collectively, "Binbit Group") (all defendants collectively, "Defendants"), to stop Defendants' practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by their conduct. Plaintiff, for her amended class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### Nature of the Case

1. Wireless spam is a growing problem in the United States. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones." In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone." Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew

Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2. In an effort to promote its social networking website and related services, Defendant Quepasa, a social media company focused on Latin audiences, engaged Binbit Group, a mobile marketing firm, to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendants have caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**Parties**

6. Plaintiff is a resident of Illinois.

7. Defendant Quepasa is a Delaware corporation that maintains its principal place of business in Florida. An international social media company, Quepasa does business throughout the United States, including this District.

8. Defendant Binbit Factory, S.L. is a Spanish corporation that maintains its principal places of business in Mexico City, Mexico and/or in the town of Inca in the Balearic Islands of Spain. A mobile marketing company, Binbit Factory S.L. does business throughout the United States, including this District, directly and indirectly through affiliated

third-parties such as Defendant Binbit, Inc.

9. Defendant Binbit, Inc. is a Florida corporation that maintains its principal place of business in Miami-Dade County, Florida. A mobile marketing company, Binbit Inc. does business throughout the United States, including this District.

### Jurisdiction and Venue

10. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises in significant part under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

11. This Court has personal jurisdiction over the Defendants because Defendants Quepasa and Binbit, Inc. maintain their principal places of business in this District and Binbit Factory, S.L. does business in the United States and this District through Binbit, Inc.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendants reside in this District and/or a substantial part of the events concerning the wireless spam at issue occurred in this District.

### Common Allegations of Fact

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owners' person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. Unlike more conventional advertisements, wireless spam can actually cost its recipients money because cell phone users must pay their respective wireless service providers either for each text message call they receive, or, as with Plaintiff, incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Over the course of an extended period beginning in at least 2008, Defendants directed the mass transmission of wireless spam to the cell phones nationwide of what it hoped were potential customers of Defendants' products.

18. For instance, on August 19, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

19. The "from" field of such transmission was identified cryptically as "79545," which is an abbreviated telephone number known as an SMS short code that was licensed and operated by Defendant Binbit Factory, S.L. The body of such text message read:

> QUEPASA.COM INVITES YOU TO DOWNLOAD A FREE
> GAME OF YOUR CHOICE, JUST SEND OK TO 79545
> TO ENJOY YOUR GAME AND HAVE SOME FUN!

20. The use of an SMS short code licensed by Defendant Binbit Factory, S.L. enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers.

21. On information and belief, Plaintiff has received subsequent spam text messages from Defendants and/or their agents in knowing violation of Plaintiff's privacy.

22. At no time did Plaintiff consent to the receipt of the above-referenced text message or any other such spam text message advertisement from Defendants.

### Class Action Allegations

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories who received one or more unauthorized text message advertisements from Defendants.

24. In order to make their *en masse* transmission of text message advertisements

economical, Defendants used lists of thousands of cellular telephone numbers of consumers. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

28. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

  (a)  whether Defendants and/or their agents sent one or more text messages to the Class members;

  (b)  whether the text messages sent by or on behalf of Defendants violate the TCPA;

  (c)  whether Defendants and/or their agents used an automatic telephone dialing system to transmit the text messages at issue;

  (d)  whether Defendants' conduct violated the Class members' respective rights to privacy; and

  (e)  whether Defendants' conduct was willful such that the Class members are entitled to treble damages.

### FIRST CAUSE OF ACTION
(Violation of the TCPA, 47 U.S.C. § 227, *et seq.*: On behalf of the Class)

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendants made unsolicited commercial text calls, including the message transcribed above, to the wireless telephone numbers of the Class. Each such text message call was made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers. By using such equipment, Defendants were able to effectively send text messages simultaneously to lists of thousands of consumers' wireless telephone numbers without human intervention.

32. These text calls were made *en masse* through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

33. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class suffered actual damages by having to pay their respective wireless carriers for the text messages where applicable and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such Act.

34. Should the Court determine Defendants had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court may,

pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the Class.

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following relief:

1. An order certifying the Class as defined above;
2. An award of actual and/or statutory damages;
3. An injunction requiring Defendants to cease all wireless spam activities;
4. An award of reasonable attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  March 30, 2012       Respectfully submitted,

MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals

By: /s/ David P. Healy
   One of Plaintiff's Attorneys

David P. Healy
2846-B Remington Green Circle
Tallahassee, Florida 32308
Tel:  850-222-5400
Fax: 850-222-7339
dhealy@davidhealylaw.com

Steven W. Teppler, Esq. (Bar No. 14787)
Evan M. Meyers (admitted *pro hac vice*)
John Ochoa (admitted *pro hac vice*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-5378
steppler@edelson.com
emeyers@edelson.com
jochoa@edelson.com

*Attorneys for Plaintiff*
MICHELLE KAFFKO

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing Plaintiff's *First Amended Class Action Complaint* was filed using the Court's CM/ECF filing system on March 30, 2012, which will cause a copy to be electronically transmitted to all counsel of record.

/s/ David Healy