UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81235-CIV-MARRA

MICHELLE KAFFKO, individually and on
behalf of a class of similarly situated individuals,

    Plaintiff,

vs.

QUEPASA CORPORATION, a Nevada
corporation, BINBIT FACTORY, S.L.,
a Spanish corporation, and BINBIT, INC., a
Florida Corporation,

    Defendants.
_____/

## **ORDER**

This cause is before the Court upon Plaintiff's Motion for Voluntary Dismissal Pursuant to Fed. R. Civ. P. 41(a)(2) [DE 139], filed August 6, 2012. The Defendant filed its Response[1] [DE 140] on August 23, 2012. The Plaintiff filed her Reply [DE 143] on September 4, 2012. The Court has carefully reviewed the briefs of the parties and is otherwise fully advised in the premises.

The Plaintiff requests that this Court dismiss this action with prejudice as to her, and without prejudice as to the putative class members. While the Defendant does not oppose dismissal of the case, the Defendant does ask this Court to retain jurisdiction to impose Rule 37(d) sanctions "for the violation of court orders notwithstanding the voluntary dismissal by the offending plaintiff." (DE 140 at 1).

"A federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp*, 496 U.S. 384, 395 (1990). In *Cooter & Gell v. Hartmarx*, the Supreme Court analyzed the nature of Rule 11 sanctions, holding that

---

[1] Defendant's Response is captioned "Defendant Quepasa Corporation's Response to Plaintiff's Motion for Voluntary Dismissal with Prejudice and Quepasa Corporation's Motion for Sanctions." At this time, the Court does not address the question of whether Defendant's motion for sanctions was properly filed.

> [l]ike the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been determined.

*Id.* at 396. The Court concluded that "the imposition of such a sanction after a voluntary dismissal does not deprive the plaintiff of his right under Rule 41(a)(1) to dismiss an action without prejudice." *Id.* The Seventh Circuit has extended the Supreme Court's reasoning to a 41(a)(2) dismissal, *Dunn v. Gull*, 990 F.2d 348, 350 (7th Cir. 1993), and the Second Circuit has extended this logic to the context of discovery sanctions under Rule 37, *see Heinrichs v. Marshall & Stevens, Inc.*, 921 F.2d 418, 421 (1990). Based on the foregoing authority, it is **ORDERED and ADJUDGED** as follows:

1. The above-styled action is hereby **DISMISSED WITH PREJUDICE** as to the Plaintiff.  The case is **DISMISSED WITHOUT PREJUDICE** as to the putative class members.

2. The Clerk shall **CLOSE THIS CASE.**

3. The Court will retain jurisdiction to consider any validly filed and pending motions for sanctions or any other post-dismissal motions that are validly filed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of October 2012.

KENNETH A. MARRA
United States District Judge